No. 3893. MARCH 12, 1924.

Divorce and alimony. Before Judge Roop. Heard superior court. June 30, 1923.

*Smith & Taylor,* for plaintiff.

*M. U. Mooty,* for defendant.

---

## SMITH *v.* JONES.

GILBERT, J. 1. The special grounds of the motion for a new trial, considered in the light of the pleadings and the charge of the court, do not show cause for the grant of a new trial.

2. The evidence, though conflicting, and that of the plaintiff himself being somewhat confused and contradictory, is sufficient to support the verdict.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*

No. 3938. MARCH 12, 1924.

Ga.) MARCH TERM, 1924. 777

Equitable petition. Before Judge Wright. Floyd superior court. August 17, 1923.

The petition filed by R. A. Jones against John M. Smith, his wife, Nora Z. Smith, and their two sons, John Byron and Roosevelt Smith, alleged that Nora Smith was indebted to petitioner upon an execution issued from the superior court of Floyd County in the sum of $316, and J. M. Smith was indebted to petitioner on open account in the sum of $275; that on April 9, 1921, there came on to be tried in said court the suit of Charley Johnson against John M. Smith, defendant in fi. fa., Nora Smith, claimant, involving a described tract of land; that petitioner was induced by John M. and Nora Smith, upon the representation that if the claim of Nora Z. Smith should be sustained they would consent that a decree of court be taken vesting the title to said land in petitioner, and covenanting that they would immediately yield possession of said land to petitioner, to deposit with the clerk of said court the sum of $875, claimed by Johnson as purchase-money on the land; that decree of court was accordingly taken, and Johnson executed to petitioner a warranty deed conveying the land; that defendants have remained upon and are claiming the land under some pretended, false, and fraudulent claim in the form of bond for title or other like writing, refusing to pay rents, and denying petitioner's right and title; that all the defendants are insolvent; that defendants are cutting and removing the timber from the land; that the land is well worth $200 a year rent, but the defendants have paid no attention to his demand for rent for the year 1921; that all the defendants are asserting title to the land, slandering petitioner's title, and depriving him of possession; that he has a purchaser for said land at the sum of $1511, but the purchaser refuses to consummate the contract so long as any of the defendants are permitted to remain upon the land. The prayers are, that defendants be restrained by injunction from slandering petitioner's title, from cutting timber, from destroying any of the houses, crops, or other appurtenances of said land, and from exercising dominion over said land as owners as against petitioner's right and title; for a decree evicting each of the defendants and their goods; and placing petitioner in full, quiet, and peaceable possession; for the appointment of a receiver to take charge of the land pending the hearing, to watch over the timber and crops, and to collect the rents.

Nora Z. Smith filed an answer setting up that she alone was in possession and claiming the right to the land, that she had owed Johnson $875 purchase-money, that this amount was advanced by Jones as a loan, and that the deed made to him was solely for the purpose of securing said loan; and asking that the deed be declared to be a deed to secure a debt, that the amount of the debt be fixed and that she be given ninety days within which to make payment. Trial of the case resulted in a verdict finding for the plaintiff the premises in dispute. Error is assigned upon the overruling of the defendant's motion for a new trial. The special grounds of the motion for new trial are:

(1)   That the court erred in stating, when the plaintiff was asked the question, "Were you not holding it back so that if things did not suit you right, you could levy?" "That is not a proper question. You need not answer that." Said question had reference to an entry upon an execution in favor of Rome Hardware Co., suing for the use of D. W. Simmons, clerk of the court, against Nora Z. and John M. Smith, said entry reading, "Satisfied by deed of Charlie Johnson to R. A. Jones, April 9th, 1921." Said entry was unsigned, and the plaintiff testified that the execution had not been canceled of record. It is complained that this action of the court was prejudicial error, because (*a*) if the witness had testified that he had held the cancellation back from the record so that if things did not go to suit him he could levy, such evidence would have shown that the cancellation of the fi. fa. was not bona fide and was made solely for the purpose of being used as evidence in this case; and for the court to interpose and stop the witness without any objection by counsel for plaintiff was very prejudicial in the minds of the jury as against the interest of defendant; (*b*) because the witness, the plaintiff, was under cross-examination, the testimony sought was relevant, and the ruling and statement complained of restricted and denied to defendant the right to a thorough and sifting examination.

(2)   That the court failed to charge that if the jury should find that the consideration or any material part thereof of the deed was to pay or secure the debt of the husband of defendant, the same would, to that extent, be void.

(3)   That the court failed to submit to the jury the contention of defendant that the deed above mentioned was made to secure a

debt of $875, that Jones contended it included the fi. fa. of Rome Hardware Company against Nora Z. Smith and John M. Smith for $200 with interest and costs, and that the jury should be required to find the amount of the debt due by defendant and to express the same in their verdict; and failed to submit the following form of verdict suggested by counsel for defendant: "We, the jury, find in favor of the defendant, that the deed is a deed to secure a debt, and the debt amounts to so much principal and so much interest," but merely said, "Retire and make up your verdict." It is contended that if the jury had been so instructed, it would then have been within their power to do complete justice to both parties; and that the failure so to charge impressed upon their minds that a finding in favor of the defendant would cause the plaintiff to lose the money he had actually paid out.

On the question of whether the deed to petitioner, R. A. Jones, was an absolute or a security deed, the evidence was conflicting. The testimony on the part of Jones was, in part, as follows: "It was a deed to secure a debt. I wouldn't have gone into it under any other circumstances; didn't need the land. Fifteen hundred and eleven dollars is what I sold it for. I was to have the land of course, I bought it. It was a deed to me, of course. In the talk with them they did not retain any right to it or any interest in it or any right to possession."

*M. B. Eubanks,* for plaintiff in error.

*F. W. Copeland,* contra.